IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRACY SOUTH,

    Plaintiff,

v.

LEGACY HEALTH, a corporation

    Defendant.

Case No. 3:24-cv-01093-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

### I. INTRODUCTION

Defendant denied Plaintiff's request for a religious exemption from Defendant's COVID-19 vaccination policy and then terminated Plaintiff when she remained out of compliance with the vaccination policy. Plaintiff filed this action, seeking relief under both Title VII and Oregon's state equivalent, ORS 659A.030. Plaintiff alleges multiple theories of liability on both her state and federal claims, including failure-to-accommodate, disparate treatment, disparate impact, wrongful reduction in pay, retaliation, pattern-or-practice discrimination, and hostile work environment. Defendant moves to dismiss[1] all of Plaintiff's claims except her failure-to-accommodate claim under Title VII. Plaintiff agrees to voluntarily dismiss all her claims under both state and federal

---

[1] The Court finds this motion suitable for decision on the briefs and record and denies Defendant's request for oral argument.

1 – OPINION AND ORDER

law, except for her failure-to-accommodate claims under ORS 659A.030 and Title VII.[2] Accordingly, the Court addresses only the state law failure-to-accommodate claim in this Opinion and Order.

## II. BACKGROUND

Defendant employed Plaintiff as a Lead Pathology Lab Assistant. "Compl.", (ECF 1), ¶ 16. Consistent with the Oregon Health Authority's mandate, Defendant adopted a policy requiring employees to receive the COVID-19 vaccine to work at its facilities. *Id.* at 17. In response, Plaintiff requested a religious exemption, which Defendant denied. *Id.* Because Plaintiff remained out of compliance with Defendant's vaccination policy, Defendant terminated her employment in October 2021. *Id.*

About a year later, on September 6, 2022, Plaintiff filed an administrative complaint with the Oregon Department of Labor and Industries ("BOLI"). Shaddy-Farnsworth "Decl.", (ECF 11), ¶ 2, Ex. 1.[3] BOLI dismissed Plaintiff's charge and issued her a right-to-sue letter on May 24, 2023. *Id.* at Ex. 2. Plaintiff filed this action over a year later, on July 3, 2024. *See generally* Compl.

## III. LEGAL STANDARDS

Under Oregon law, a plaintiff who has filed a complaint with BOLI alleging an unlawful employment practice "must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant." ORS 659A.875.

///

///

---

[2] Plaintiff's response states her agreement to voluntarily dismiss all her claims except her failure-to-accommodate claims under Title VII and ORS § 659A.030. "Resp.", (ECF 17), 1.
[3] The Court takes judicial notice the fact that Plaintiff filed her BOLI complaint and the fact that BOLI issued her a right-to-sue letter because both are "undisputed matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

2 – OPINION AND ORDER

## IV. DISCUSSION

Defendant argues that Plaintiff is time-barred from bringing her ORS 659A.030 failure-to-accommodate claim because she did not file her lawsuit within ORS 659A.875(2)'s applicable 90-day deadline to file a civil action after receiving a right-to-sue letter. "Mot. to Dismiss", (ECF 10), 17; "Reply ISO Mot.", (ECF 18), 2. Plaintiff argues that her state law failure-to-accommodate claim is still timely because Oregon's legislature recently extended the statute of limitations for all claims to five years. Resp., 3–4. She also relies on a 2017 District of Oregon case, *Daniel v. Oregon Health and Sciences University*, 262 F.Supp. 3d 1079 (D. Or. 2017) and on a letter submitted by the Oregon Trial Lawyers Association in support of the 2019 amendments to ORS 659A.875 in which the legislature extended the statute of limitations from one year to five. *Id.* at 4–5.

The Court joins the other Courts in this District and finds that ORS 659A.875's plain text requires the Court to reject Plaintiff's argument. *See e.g.*, *Miller v. Legacy Health*, Case No. 3:24-cv-01073-IM, 2024 WL 4892736, Slip op. at 5 (D. Or. Nov. 26, 2024) (District of Oregon Courts "have repeatedly applied the 90-day limitation rather than the five-year limitation in similar circumstances and concluded in each instance that those claims were time barred"). The statute begins with the qualification, "Except as provided in subsection (2) of this section . . . a civil action alleging a violation of . . . ORS 659A.030 . . .must be commenced not later than five years after the occurrence of the alleged violation." ORS 659A.875(1). Subsection (2)—the exception—provides that a person who has filed a BOLI complaint must bring a civil action "within 90 days after a 90-day notice is mailed to the complainant." ORS 659A.875(2). Accordingly, the Court finds that the Oregon legislature was clear—if a person has filed a BOLI complaint, she must file it within 90 days after the 90-day notice is mailed, not within five years of the violation. *Id.*

The Court declines to follow *Daniel v. Oregon Health and Sciences University*. There, the District Court speculated that, "if presented with this question, the Oregon Supreme Court would likely conclude that a lawsuit commenced more than 90 days after the mailing of the BOLI right-to-sue letter, but still within one year from the date of the allegedly unlawful employment practice, is timely." 262 F.Supp. 3d at 1086. In other words, the 90-day limitation in subsection (2) allows a person an additional 90 days beyond the limitation period stated in subsection (1) to file a civil action. *See id.* This interpretation, however, ignores ORS 659A.875's plain text, which provides that when a person files a complaint with BOLI, the limitations in subsection (2) apply and the person "*must* commence" a lawsuit within 90 days after BOLI mails its 90-day right to sue letter. 659A.875(2) (emphasis added). And this reading of the statute is the only interpretation compatible with ORS 659A.880(3), which *Daniel* did not address and which states that "any right to bring a civil action against the respondent . . . will be lost *if the action is not commenced within 90 days after the date of the mailing of the 90-day notice*." *Id.* (emphasis added); *see also Starks v. Legacy Health*, Case No. 3:24-cv-01072-IM, 2024 WL 4892736, Slip op. at 2–3 (D. Or. Dec. 5, 2024) (declining to follow *Daniel* because the unambiguous text of ORS 659A.875 specifies that a plaintiff who files a BOLI complaint must file a civil action within 90 days). Accordingly, the Court declines to apply *Daniel*'s interpretation here.

Similarly, the Oregon Trial Lawyer Association letter does not change the Court's mind. The letter does not address either *Daniel*'s holding or the 90-day-commencement-period. Resp., 7. Instead, the letter advocates in favor of the proposed amendments.

Based on ORS 659A.875's plain language, the Court grants Defendant's motion to dismiss Plaintiff's state law failure-to-accommodate claim as untimely. Because no amendment could remedy this defect, this dismissal is without leave to amend.

## V. CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss [10] Plaintiff's ORS 659A.030 failure-to-accommodate claim and dismisses this claim without leave to amend. Per Plaintiff's voluntary dismissal of other claims, this case will go forward only on Plaintiff's Title VII failure-to-accommodate claim.

Defendant is directed to file an answer to Plaintiff's remaining claim within fourteen days of the date that this Opinion and Order is filed.

IT IS SO ORDERED.

DATED this 4th day of February 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge